This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

        Plaintiff-Appellee,

v.                                                                           **NO. A-1-CA-37889**

**DAVID MCDANIEL,**

        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Victor E. Sanchez, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}**      Defendant appeals his conviction, following a jury trial, of possession of a controlled substance. [MIO 9] On appeal, Defendant challenges the sufficiency of the evidence offered at trial to establish that he knowingly possessed methamphetamine that was found in the pocket of a jacket he was wearing at the time of his arrest. [DS 2] This Court issued a notice of proposed summary disposition, proposing to affirm. [CN 4] Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}**      In his memorandum in opposition to summary affirmance, Defendant continues to assert that the State did not prove that he knew what was in the pocket of the jacket

he was wearing. [MIO 12-13] Because he asserts that the jacket was borrowed, Defendant implies that this case involves constructive possession, rather than actual possession. [See MIO 14 (citing constructive possession cases)] In doing so, Defendant argues that the State merely established his proximity to the contraband without showing any relationship between himself and the contents of the jacket pocket. [Id.] This analysis overlooks the fact that the contraband was found on Defendant's person, and not merely in his proximity. And, in any event, it is the role of the jury—and not this Court—to weigh the evidence and assess the credibility of witnesses. As our calendar notice pointed out, the jury was free to reject Defendant's claim that the jacket was borrowed. [CN 3 (citing *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829)] As a result, Defendant's own testimony does not provide this Court with any basis upon which we could reverse the jury's findings regarding his knowledge.

**{3}**     Defendant's memorandum also asserts, for the first time in this appeal, that the State's evidence did not establish that the crystalline substance tested was the same crystalline substance found on his person. [MIO 10-11] This argument is apparently based upon the fact that a lab report prepared in connection with this case lists the defendant as "David McDonald." [MIO 7] It also appears, however, that there was testimony related to chain-of-custody procedures sufficient to establish that the sample tested was the same substance found on Defendant's person. [MIO 8-12] The lab report included the arresting officer's name and agency, as well as the date of Defendant's arrest and a case number. [MIO 5, 8] And the arresting officer also testified that he recognized the blue ziplock bag containing the methamphetamine that had been tested as the same bag that was found on Defendant. [MIO 6, 12] Thus, there appears to have been evidence from which the jury could rationally find that the substance tested was the same substance found on Defendant.

**{4}**     Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

**{5}     IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**